IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES D. SALVAGIO and FAY M. BOURGEOIS, AS TRUSTEES OF GULF COAST ARMS, <br><br> Plaintiffs, <br><br> v. <br><br> MADISON REALTY CAPITAL, L.P, WILLIAM G. LAWHON, STEPHEN C. PAINE and BEVERLY VEAL, EACH AS SUBSTITUTE TRUSTEES, <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-11-2183 |

## MEMORANDUM AND ORDER

Pending are Plaintiff's Motion to Amend (Document No. 116) and Motion to Abate Judgment Pending Appeal (Document No. 117), to which Defendant Madison Realty Capital, L.P. ("Defendant") has filed responses in opposition. Both motions will be denied, for the reasons that follow.

Plaintiff James Salvagio, acting as trustee of Gulf Coast Arms, ("Plaintiff") moves to amend the Court's Memorandum and Order of November 5, 2012, by deleting that portion of the Order dissolving the Notice of *Lis Pendens*. At the bench trial, however, Plaintiff not only made no objection to dissolving the Notice of *Lis Pendens*[1] but also expressly agreed to such dissolution when the Court summarized its understanding of the parties' agreements at

---

[1] *See* Trial Tr. 10:3-24, October 25, 2012.

the close of the trial:

> The Court: All right. Well, I accept the agreement made by the parties here in open court. I will make the determination on the legal issue that has been presented after receiving the rejoinder that will be filed by 5:00 o'clock today by plaintiff's counsel.
>
> Once that decision has been made, then in the event that legal issue is decided in favor of plaintiff, the deficiency to be entered in favor of defendant would be $2,890,155.90. In the event that the legal issue is decided in favor of defendant, the deficiency due would be $4,390,155.99.
>
> Plus, on either finding, interest under New York law, in agreement of the documents, 24 percent per annum from the date of sale--that was sale date figures--until the date of judgment and a waiver of attorney's fees by the plaintiff--by the creditor suing on the notes. And, further, that the lis pendens notice will be dissolved upon the final judgment.
>
> Is that all? That's the sum of it for both sides?
>
> Ms. Cook: Yes, Your Honor.
>
> **Mr. Borunda: Yes, Your Honor.**
>
> The Court: Yes. All right.
>
> All right. I accept that, and this case is then under submission. That concludes this hearing. The Court will be in recess. Thank you.[2]

Plaintiff's counsel, Mr. Jorge Borunda, affirms the foregoing in his own affidavit in support of the present motion:

> At the end of the trial, the Court described both the Agreement of Parties and Madison's counsel request for the dissolving of the *Lis Pendens* and asked for confirmation that the summary was the sum total of the

---

[2] Trial Tr. 29:4 - 30:4 (emphasis added).

      matters discussed for both sides.  Both Ms. Cook and I
affirmed that the summary was correct.[3]

Plaintiff thus stood by without objecting to an opponent's request for relief on the Notice of *Lis Pendens*, thereby permitting the Court to understand that Plaintiff implicitly agreed, and Plaintiff then positively affirmed that there was in fact an agreement made in open court "that the Lis Pendens notice will be dissolved upon final judgment." The Memorandum and Order reflected accurately the agreement of the parties at trial. It is too late now to reopen the trial simply for Plaintiff to make a different decision.

    Plaintiff does not move for relief under Rules 59 or 60 from the Final Judgment's order that the Notice of *Lis Pendens* is dissolved and vacated, but if he intended such, Plaintiff fails to meet the standard for relief under either Rule.[4] Plaintiff's

---

    [3] Document No. 116-1 ¶ 7 (Borunda Aff.).

    [4] Generally, there are four grounds upon which a Rule 59(e) motion to alter or amend judgment may be granted:  (1) the judgment was based on a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. See Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567-68 (5th Cir. 2003). A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Id. at 567 (citation omitted). Under Rule 60(b), a district court may relieve a party from final judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief." FED. R. CIV. P.

motion to amend (Document No. 116) is therefore DENIED.

Plaintiff separately moves to abate that portion of the Final Judgment dissolving and vacating the Notice of *Lis Pendens* pending an appeal by Plaintiff. Rule 62(d) allows Plaintiff to obtain a stay of the Final Judgment by filing a supersedeas bond approved by the Court. *See* FED. R. CIV. P. 62(d); Hebert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir. 1992) (stating that Rule 62(d) "entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond"). However, Plaintiff has not moved for approval of a supersedeas bond.

If Plaintiff's motion is considered as one for a discretionary stay of a portion of the Final Judgment pending appeal, for which Plaintiff has cited to no legal authority, the Court would consider such a request based on the following elements: "(1) whether the movant has made a showing of likelihood of success on the merits;

---

60(b). Relief under Rule 60(b) is an extraordinary remedy; "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments." In re Pettle, 410 F.3d 189, 191 (5th Cir. 2005) (citing Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998)). With regard to "excusable neglect," the Fifth Circuit explained:

> [A] party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment. Instead he must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.

Chick Kam Choo v. Exxon Corp., 699 F.2d 693, 695 (5th Cir. 1983), *cert. denied*, 104 S. Ct. 98 (1983) (citation omitted).

4

(2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve in the public interest." In re First South Savings Ass'n, 820 F.2d 700, 709 (5th Cir. 1987).

Plaintiff would be required to establish all of these four elements in his favor, and Plaintiff has not met the test. Indeed, there is no showing to demonstrate that Plaintiff has a likelihood of success on the merits. Plaintiff has over a term of years made meritless contentions in court filings here--and in other proceedings--to perpetuate his practice of collecting cash rents from tenants who occupy the mortgaged property that secured Plaintiff's payment of a $4 million note--a note upon which Plaintiff defaulted long ago and upon which he has made no payments for more than four years. The Court's prior Memoranda and Orders have amply explained why Plaintiff is not entitled to recover on the merits, and Plaintiff has presented nothing new to support a discretionary stay. Moreover, a partial stay of the Final Judgment would substantially harm Defendant Madison by causing it further unjust delay in realizing the value of its security. It would also disserve the public interest by potentially delaying Madison's sale of this HUD-subsidized property to a party better able to manage HUD-subsidized properties. In sum, Plaintiff has wholly failed to show itself entitled to a discretionary stay of any portion of the Final Judgment. The motion to abate (Document No. 117) is

therefore DENIED.

It is so ORDERED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 9th day of January, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE